THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GILLUM, <br><br> Plaintiff, <br><br> v. <br><br> SAFEWAY INC., <br><br> Defendant. | Case No. 2:13-cv-02047-BJR <br><br> **SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE*** <br><br> NOTE ON MOTION CALENDAR: FRIDAY, OCTOBER 9, 2015 <br><br> ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION

Defendant Safeway, Inc. ("Safeway") hereby moves *in limine* to prohibit Plaintiff David Gillum ("Plaintiff") and his counsel from suggesting, arguing, presenting evidence on, asking questions in reference to, exhibiting, using, or referring in any manner, whatsoever, at the trial of this action, directly or indirectly, to any of the following subjects:

1. Any testimony or evidence that Plaintiff was discriminated against, i.e., to support the dismissed discrimination claim;

2. Expert opinions from Plaintiff's treating physician, who is designated as a lay witness;

3. Unrelated alleged acts of discrimination or misconduct involving other Safeway employees, *i.e.*, "me too" evidence;

4. Alleged discrimination or retaliation that occurred prior to the statutory period;

SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 1
No. 2:13-cv-02047-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0029/6441018.2

5. Subjective beliefs by non-decision makers regarding Plaintiff's performance or the events at issue in this litigation;

6. Hearsay statements allegedly told to Plaintiff by his co-workers and hearsay statements made by third parties to Plaintiff's co-workers; and

7. Any urging or suggesting to the jury the need to "send a message" with their verdict.

In addition, Safeway reserves the right to move *in limine* to exclude any claim for or measure of damages that Plaintiff has not disclosed with his original or supplemental Initial Disclosures or in response to Safeway's First Interrogatories and Requests for Production, including damages for lost wages or expenses for medical care and treatment in connection with Plaintiff's claims against Safeway.

## II.  SUMMARY OF LAWSUIT

Plaintiff is a current Safeway employee. He works as a "floater" meat cutter in multiple stores in the greater eastside of Seattle (Renton, Issaquah, Northbend, and Bellevue). Plaintiff alleges that statements made by Safeway employees in 2010-2011 created a hostile work environment and that he experienced retaliation based on his reporting of these alleged incidents. In late-2012, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). Safeway's Signe Hunter tried to interview Plaintiff about his allegations, but Plaintiff refused to cooperate. The EEOC also tried to interview Plaintiff, but again he refused to cooperate. On August 16, 2013, the EEOC issued a "NO CAUSE" finding based on Plaintiff's discrimination allegations. On November 13, 2013, Plaintiff filed this lawsuit which included new allegations not submitted to the EEOC. In response, Safeway's Patricia Hudson did an exhaustive investigation of Plaintiff's claims. Again, Plaintiff refused to cooperate. More than two dozen interviews of Plaintiff's colleagues failed to corroborate Plaintiff's allegations.

## III.  CERTIFICATION

Pursuant to W.D. Wash. LR 7(d), counsel for Safeway certifies that it conferred with Plaintiff's counsel before bringing these motions *in limine*.

SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 2
No. 2:13-cv-02047-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0029/6441018.2

## IV. LEGAL ARGUMENT

**A.  Any Testimony Regarding the Dismissed Claim for Discrimination, i.e., Disparate Treatment.**

On April 7, 2015, the Court dismissed Plaintiff's claim for racial discrimination under Title VII, 42 U.S.C. § 1981 and the Washington Law Against Discrimination. (Dkt. 49.) The Court found that Plaintiff had put forth no evidence of an adverse employment action, which includes changes in the "terms and conditions of employment," such as changes in salary, bonus, and overtime pay; changes in hours worked; loss of promotion; and firing. *Id*. Safeway anticipates Plaintiff will try an end-run around the dismissal of his discrimination claim by introducing allegations that the terms and conditions of his employment changed under the auspices of his retaliation claim. Plaintiff had an ample opportunity to put forth evidence that the terms and conditions of his employment changed based on alleged discrimination and he was unsuccessful with that claim. Any testimony or evidence that Plaintiff was discriminated against or that he experienced any "adverse employment action," as described above, should be excluded at trial. Fed. R. Evid. 401-403.

Further, to the extent Plaintiff intends to ask any witness or elicit testimony as to whether Plaintiff was "discriminated against," it would no doubt cause confusion with the jury. Again, this Court has determined that disparate treatment and hostile work environment claims are two separate claims – one actionable in this matter and the other not. Witnesses should be prohibited from making broad statements about "discrimination" in a way that could improperly indicate to the jury that there is a discrimination-based claim other than hostile work environment.

**B.  The Court Should Exclude "Expert" Opinions from Plaintiff's Treating Physician.**

Plaintiff did not disclose his treating physician, Linda Chow, MD, as an expert witness in his Initial Disclosures or in his discovery responses. Dr. Chow has submitted no report of her opinions, qualifications, other cases in which she has testified, or a statement of her compensation. Nonetheless, Plaintiff appears to believe that Dr. Chow can testify with the

SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 3
No. 2:13-cv-02047-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0029/6441018.2

imprimatur of an expert because she is a treating physician. The Court should restrict Dr. Chow from offering any testimony that goes beyond the scope of her treatment of plaintiff and her conclusions must fall within the province of a lay witness. *See* Fed. R. Evid. 701.

1. <u>Plaintiff Failed to Provide the Necessary Disclosure for Dr. Chow Under Rule 26(a)(2)(B)</u>. Although a written expert report under Rule 26(a)(2)(B) is not required, a party seeking to use a treating physician must disclose more than just the identity of the treating physician. "[I]f the witness is not required to provide a written report [under Rule 26(a)(2)(B), the witness's] disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Rule 26(a)(2)(C) clearly requires treating physicians to, at a minimum, produce and disclose "summaries" of the facts and opinions to which the physician expects to testify.[1] *See, e.g., Millennium Pipeline Co., L.L.C. v. Certain Permanent & Temp. Easements*, 2013 WL 310403, at *3 (W.D.N.Y. Jan. 25, 2013); *Eslin v. Hous. Auth. of Mansfield*, 2012 WL 3090976, at *5 n. 3 (D. Conn. July 13, 2012); *Ziegenfus v. John Veriha Trucking*, 2012 WL 1075841, at *7 (S.D.N.Y. March 28, 2012).

"[W]hen a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2). *Goodman v. Staples,* 644 F.3d 817, 819-20 (9th Cir. 2013).

Here, Plaintiff did not provide a summary of any facts and opinions on which Dr. Chow would be testifying. There is nothing more than Plaintiff's medical records which do not suffice under the treating physician requirements of Rule 26(a)(2)(C). Thus, Plaintiff has not satisfied

---

[1] The Rule 26(a)(2)(C) summary is "considerably less extensive than the [written expert] report required by Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(a) Adv. Comm. Notes, 2010 amends. "Although less is required in a disclosure [for witnesses under Rule 26(a)(2)(C) ] than of those covered by Rule 26(a)(2)(B) ... a mere list of names, accompanied by three-word descriptions of the subject matter of their testimony, is plainly not enough." *Millennium Pipeline Co.*, 2013 WL 310403, at *3.

SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 4
No. 2:13-cv-02047-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0029/6441018.2

the requirements for even a treating physician.[2] Because it appears Plaintiff will ask Dr. Chow to go beyond the scope of her role as a treating physician to offer expert testimony, he must comply with the rule. He has not, and Dr. Chow should not be permitted to testify as an expert.

2. <u>As a Lay Witness, Dr. Chow Cannot Testify as to Causation of any Alleged Medical Condition</u>. A treating physician cannot opine beyond the scope of their notes for the patient. *Goodman,* 644 F.3d at 826. Such a treating physician should be prohibited from testifying as to the causation of the plaintiff's alleged condition. *See*, *e.g.*, *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d at 1215 (quoting *United States v. Smith*, 640 F.3d 358, 365 (D.C. Cir. 2011)); *Witherspoon v. Navajo Ref. Co.*, *L.P.*, CIV 03–1160 BB/LAM, 2005 WL 5988650, at *2 (D.N.M. June 28, 2005) (Black, J.) (concluding that physician who treated the plaintiffs in a toxic tort case, not disclosed under rule 26(a)(2), could testify only to "observations and treatment developed while actually treating Plaintiffs," and could not testify to "any causation opinions drawn."); *U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (holding that physician's testimony about the cause of the injury was "a hypothesis" and therefore not lay testimony); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 n. 14 (7th Cir. 1994) (holding that treating physicians are subject to Rule 702, because "we do not distinguish the treating physician from other experts when the treating physician is offering expert testimony regarding causation").

Here, Dr. Chow's testimony should be limited to confirming the content of her notes regarding her treatment of Plaintiff. She should be prohibited from opining on any causation theories not specifically included in her contemporaneous notes concerning Plaintiff's treatment.

---

[2] The notion that Dr. Chow would be subject to an even lesser requirement under Rule 26(a)(2)(C) misses the threshold matter – that rule only provides to experts. Again, Plaintiff has never designated Dr. Chow as an expert.

SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 5
No. 2:13-cv-02047-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0029/6441018.2

**C.     The Court Should Exclude "Me Too" Evidence of Unrelated Discrimination and Retaliation Claims.**

Plaintiff's deposition transcript and summary judgment opposition reveals that his case relies heavily on a handful of colleagues who claim to have observed unrelated, alleged misconduct during their employment with Safeway. Plaintiff intends to call employees Ronny Johnson, Collette Thomas, Domico Kelley, and others, likely to testify to their claims about alleged conduct at Safeway. (Dkt. 31 [Opposition to Motion for Summary Judgment] at 3:21-4:4; Dkt. 35 [Declaration of Ronny Johnson describing comments not directed at Plaintiff]; Dkt. 36 [Declaration of Domico Kelley describing alleged misconduct he experienced not involving Plaintiff].)  As an example, witness Collette Thomas alleges that she was sexually harassed in 2002 or 2003 by Gary Brown, who is a Meat Market Manager for Safeway. (Dkt. 38 at ¶ 8.) Similarly, witness Domico Kelly claims that he heard other Safeway employees make disparaging comments about African Americans. (Dkt. 36 at 6.)  This is quintessential "me too" evidence that should be barred at trial.

"Me too" evidence places Safeway in the untenable position of defending numerous allegations of misconduct asserted by non-parties whose claims have not been vetted in discovery and motion practice. It creates a series of "mini-trials" in which Safeway must prove not only that it did not discriminate against Plaintiff, but also that it did not discriminate against the other "me-too" witnesses. *Freeman v. Astrue*, 405 Fed. Appx. 148, 151–52 (9th Cir. 2010). The testimony is "fiercely prejudicial." *Annis v. County of Westchester*, 136 F.3d 239, 247 (2d Cir. 1998). As the court stated in *Haskell v. Kaman Corp.*, 743 F.2d 113, 121-22 (2d Cir. 1984), "even the strongest jury instruction could not dull . . . the impact of a parade of witnesses, each recounting his contention [of retaliation or discrimination]." Such evidence is also not probative of Plaintiff's claims, which arise from unrelated incidents often involving different employees in different stores. *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986).

SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 6
No. 2:13-cv-02047-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0029/6441018.2

Following the *Mendelsohn* decision, "me too" evidence is not *per se* inadmissible, but neither is it automatically accepted.[3] The Court must engage in a case-by-case analysis to determine whether the "me too" evidence is directly relevant to Plaintiff's claims, is unduly prejudicial and confusing to the jury, or is likely to delay trial. *See*, *e.g.*, *Nuskey v. Hochberg*, 723 F. Supp. 2d 229, 233 (D.D.C. 2010) (female witness' proffered testimony that she suffered sex discrimination from a male supervisor was not relevant to whether another female employee's supervisor retaliated against her and discriminated against her on the basis of gender); *Jones v. St. Jude Med. S.C., Inc*., 823 F. Supp. 2d 699, 734-35 (S.D. Ohio 2011) *aff'd*, 504 Fed. Appx 473 (6th Cir. 2012) (purported evidence of alleged discrimination against plaintiff's coworkers was excluded as irrelevant and highly prejudicial). Based on the large number of witnesses identified by the parties, the Court should be leery of the case getting bogged down by the claims of non-parties that have no bearing on Plaintiff's case. The Court should therefore prohibit Plaintiff's witnesses from testifying about unrelated, alleged misconduct that is not directly relevant to Plaintiff's claims.

**D.   Evidence of Alleged Discrimination and Retaliation Outside the Statutory Period Should be Excluded.**

Plaintiff's claims are subject to a three year statute of limitations. *See, e.g.*, *Antonius v. King County*, 153 Wn.2d 256, 261, 103 P.3d 729 (2004) (discrimination claims must be brought within three years under the general statute of limitations for personal injury actions); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–17, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (if a Title VII claim is not filed within the statutory period, it is time-barred). Accordingly, evidence of discrimination is ordinarily admissible only with respect to acts within the statutory limitations period preceding the filing of the charges. *See Kline v. City of Kansas City, Fire Dep't*, 175 F.3d 660, 664 (8th Cir. 1999). In short, allegations of events

---

[3] In *Mendelsohn*, *supra*, 552 U.S. 379, 388, the U.S. Supreme Court held that whether "me too" evidence is relevant in an individual discrimination case is "fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case."

SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 7
No. 2:13-cv-02047-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0029/6441018.2

occurring prior to November 13, 2010 (three years prior to the November 13, 2013 filing date), should be barred.

Here, Plaintiff may try to offer testimony of alleged, discreet events occurring outside of the statutory period. For example, Plaintiff filed an EEOC charge and lawsuit against Safeway in 2000, a decade before the allegations raised in the current lawsuit. The Court should confirm for the parties prior to witnesses being called that any allegations of disparate treatment that allegedly took place well before the claims in this lawsuit should be excluded. Further, testimony about pre-limitations actions taken towards Plaintiff's coworkers is not relevant or probative of post-limitations actions taken towards Plaintiff.

**E.   Evidence of Subjective Beliefs about Plaintiff's Performance or Events at Issue Is Inadmissible and Should Be Excluded.**

Plaintiff may seek to introduce testimony from co-workers or others about his performance, including those who did not witness the complained of events first-hand. These witnesses may attempt to speculate on the thought process of decision-makers about Plaintiff's assignment to a specific store, the investigation of his concerns, and other issues in this case. Such testimony should not be allowed. Evidence grounded only in the personal beliefs and conjecture of co-workers should be excluded. *See*, *e.g.*, *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992) ("rumors, conclusory allegations and subjective beliefs . . . are wholly insufficient evidence to establish a claim of discrimination as a matter of law."); *Connell v. Bank of Boston*, 924 F.2d 1169, 1177-78 (1st Cir.) *cert. denied*, 501 U.S. 1218 (1991) (lay opinion – that employer was "determined to eliminate . . . senior employees" pointed to no specific facts sufficient to buttress such a "broad assertion").

First, given that the Court dismissed Plaintiff's disparate treatment claim and specifically found that no adverse action occurred, Plaintiff's coworkers' subjective beliefs about what decisions were made concerning Plaintiff's employment may confuse the jury. By way of example, Plaintiff's co-workers should not be able to offer subjective beliefs about the decision to transfer Plaintiff to the Renton store, which the jury could incorrectly construe as an

SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 8
No. 2:13-cv-02047-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0029/6441018.2

adverse action. Again, this Court has already ruled on the issue.

Second, coworkers who did not work in Safeway's meat departments with Plaintiff lack personal knowledge of how Plaintiff performed on his tasks. Fed. R. Evid. 602. This testimony should be excluded.

Third, to permit any coworker to testify about Plaintiff's performance based on their observation of his work based on some purported "expertise" in the business would improperly elevate that lay, fact witness to the level of an expert. Even if a witness testifies that he or she observed Plaintiff perform certain tasks, it is not the same as testifying that Plaintiff was a "good performer" or "good employee." The Court should similarly exclude testimony of Plaintiff's own subjective beliefs about his performance as irrelevant. *Steckl*, 703 F.2d at 393.

Finally, Safeway anticipates Plaintiff will attempt to introduce his opinions about his own performance. An employee's perception of himself in relation to his job performance is not relevant. "It is the perception of the decision maker which is relevant." *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980) (in age discrimination suit the court found plaintiff's testimony and perception of his own competence is irrelevant); *accord Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 270 (9th Cir. 1996); *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983) (subjective belief about reasons for termination irrelevant). Plaintiff's self-serving opinions about his own performance are irrelevant and inadmissible. Fed. R. Evid. 401, 403.

**F.   Hearsay Statements Allegedly Told to Plaintiff by his Co-Workers and Hearsay Statements Made to Plaintiff's Co-Workers Should be Excluded.**

Safeway recognizes that the Court can manage the testimony offered at trial based on evidence rules, including the restrictions on hearsay testimony. This motion *in limine*, however, is not a garden-variety motion to exclude hearsay. Here, even a cursory review of Plaintiff's deposition reveals that many of his allegations about Safeway are nothing more than recitations of stories he heard from others. For example, Plaintiff may attempt to testify about what another employee (*i.e.*, Collette Thomas) told him about statements from his Safeway coworkers. (*See* Dkt. 38 at 8, 11, and 14.) Safeway respectfully requests that the Court issue an

SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 9
No. 2:13-cv-02047-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0029/6441018.2

order excluding this type of testimony for three reasons:

First, to the extent Plaintiff intends to offer these stories from others as proof of the matters asserted, it is rank hearsay. Fed. R. Evid. 801. Second, retelling these hearsay stories will require the Court to conduct a trial within a trial for each statement. Plaintiff cannot testify to the truth of these statements. To the extent Plaintiff recounts a story told to him, there would have to be an inquiry into whether there were witnesses to the situation, what individuals were involved, and other details that might not otherwise be relevant to the claims and defenses at issue. This would only confuse the jury and unduly lengthen the trial time to allow testimony on alleged circumstances that Plaintiff heard only second or sometimes third hand.

Third – and why this issue should be addressed at the motion *in limine* stage – the Court can make a general ruling protecting against the introduction of this category of hearsay at trial. If trial testimony strays into this improper hearsay territory, Safeway can point to the Court's ruling without having lengthy objections or discussions of this type of testimony.

**G.   Urging Or Suggesting a Need to "Send a Message" or to "Put Yourself In the Plaintiff's Position" or Otherwise Urging the Jury to Reach Their Verdict on Impermissible Grounds.**

Arguments encouraging jurors to reach a verdict on any basis other than the evidence are impermissible and may constitute reversible error. The Court may properly exclude statements or references to material other than the evidence. *See Byrd v. Blue Ridge Rural Electric Co-op, Inc.*, 356 U.S. 525, 529 (1958) (stating that the propriety of an argument is a matter of federal procedure). Similarly, asking the jury to "send a message" with a verdict is inappropriate. *See Griffith v. Mt. Carmel Med. Ctr.*, 842 F. Supp. 1359, 1362 (D. Kan. 1994). Included within the scope of this motion is evidence or argument suggesting that the jury should "let the defendants know what the jurors think through their verdict," or suggesting that the jurors are the "conscience of the community," and similar suggestions.

Safeway asks that the Court prohibit Plaintiff from making arguments asking jurors to "put yourself in the plaintiff's position," or otherwise urge the jury to reach a verdict on impermissible grounds. As noted above regarding the hearsay issue, addressing the potential for

SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 10
No. 2:13-cv-02047-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0029/6441018.2

and prohibiting these kinds of statements at the motion *in limine* stage should foreclose the potential that the Court, the parties and the jury get to closing arguments and have any statements inadvertently result in a mistrial or grounds for appeal.

**H.     Safeway Reserves the Right to Make a Further Motion *in Limine* Regarding Plaintiff's Alleged Damages.**

As of the filing of these motions *in limine*, Plaintiff has not itemized the damages it will seek at trial. As a result, Safeway reserves the right to move *in limine* to exclude any claim for or measure of damages that Plaintiff has not disclosed with its Initial Disclosures or in response to Safeway's First Interrogatories and Requests for Production, *e.g.*, damages for lost wages or expenses for medical care and treatment in connection with Plaintiff's claims against Safeway in this lawsuit.

## V.  CONCLUSION

Safeway respectfully asks that the Court grant its motions *in limine*.

DATED:  September 24, 2015

                LANE POWELL PC

                By  */s/ Charles P. Rullman*
                    D. Michael Reilly, WSBA No. 14674
                    reillym@lanepowell.com
                    Charles P. Rullman, WSBA No. 42733
                    rullmanc@lanepowell.com
              Attorneys for Defendant Safeway Inc.

SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 11
No. 2:13-cv-02047-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

008501.0029/6441018.2

# CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 24th day of September, 2015, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Victoria L. Vreeland, WSBA #08046
Benjamin P. Compton, WSBA #44567
Vreeland Law PLLC
City Center Bellevue
500 108th Avenue NE, Suite 740
Bellevue, WA  98004-5544
Telephone: (425) 623-1300
Facsimile: (425) 623-1310
E-Mail: vicky@vreeland-law.com
        ben@vreeland-law.com

Executed on the 24th day of September, 2015, at Seattle, Washington.

*/s Lynn Sandahl*
Lynn Sandahl

CERTIFICATE OF SERVICE TO SAFEWAY, INC.'S CONSOLIDATED MOTIONS *IN LIMINE* - 1
No. 2:13-cv-02047-BJR

008501.0029/6441018.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107