1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID GILLUM,

   *Plaintiff*

    v.

SAFEWAY, INC.,

    *Defendant*.

Civil Action No. 2:13-cv-02047

MEMORANDUM ORDER

  A telephonic hearing was held in this matter on October 15, 2015.  Counsel for both parties were present.  During the hearing, the Court made the following rulings:

## I.  SAFEWAY'S MOTIONS IN LIMINE

### A. Motion to Prohibit Testimony that Gillum Was "Discriminated Against"

  Safeway seeks to prohibit any witness from testifying that Gillum was "discriminated against."  According to Safeway, such statements will confuse the jury into thinking that Gillum has a separate claim for discrimination.  This motion is denied.  Gillum's hostile work environment claim relies on his allegations that he suffered harassment because of his race; therefore, evidence of discrimination is highly probative to Gillum's case.  Moreover, any risk that the jury will believe

1

that Gillum has a separate discrimination claim will be taken care of by the jury instructions and verdict form, which will set out the specific claims at issue.

**B. Motion to Exclude "Expert Opinions" from Gillum's Treating Physician**

Both parties agree that Dr. Chow may not testify to anything outside the scope of her personal knowledge and, therefore, will not be testifying as an expert.  Accordingly, the Court need not rule on this motion at this time.

**C. Motion to Exclude "Me Too Evidence of Unrelated Discrimination and Retaliation"**

Safeway seeks to prevent Gillum's witnesses from testifying that Gary Brown—one of Gillum's managers at Safeway—engaged in racially and sexually discriminatory actions.

It is well-established that a witness in a racial discrimination case may testify as to slurs made by the relevant decision makers as these comments demonstrate the individual's attitude toward that race.  *See, e.g. Heyne v. Carusco*, 69 F.3d 1475, 1480 (9th Cir. 1995).  Therefore, Gillum's witnesses may testify as to any racially derogatory comments or actions allegedly engaged in by Gillum's managers at Safeway.

However, any allegations that Safeway managers engaged in *sexual* harassment are irrelevant to any issue in this case and unduly prejudicial.  Any discussion of sexual harassment and related investigations will confuse the issues and unduly delay the trial. Therefore, allegations of sexual harassment are excluded from this case.

Accordingly, this motion is denied in part and granted in part.

**D. Motion to Exclude Evidence of Discrimination and Retaliation "Outside the Statutory Period"**

Safeway argues that any testimony regarding events that occurred more than three years before the filing of the case should be barred on the grounds that Title VII cases have a three year statute of limitations.  Safeway is incorrect.  In *Nat'l R.R. Passenger Corp. v. Morgan*, the Supreme

2

Court explained that "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" 536 U.S. 101, 115 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). Accordingly, "[i]t does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period." *Id*. Therefore, Safeway's motion is denied.

**E.  Motion to Exclude Evidence of "Subjective Beliefs About Gillum's Performance"**

Safeway moves to prohibit Gillum's lay witnesses from testifying about issues outside their personal knowledge.  The Court finds no reason to rule on this issue at this time as Gillum has agreed that his lay witnesses will testify only as to matters about which they have personal knowledge.

**F.  Motion to Exclude "Hearsay Statements Told to Plaintiff by His Co-Workers"**

Safeway seeks an order prohibiting Gillum from telling any stories relayed to him by his coworkers.  Clearly, out-of-court statements made by co-workers cannot be admitted for the truth of the matter asserted. FED. R. EVID. 801.  However, Gillum has assured the Court that he will not provide any such evidence.  Accordingly, the Court need not rule on this issue at this time.

**G.  Motion to Prohibit Gillum's Counsel from Encouraging Jurors to Reach Verdict on "Impermissible Grounds"**

Safeway moves to prohibit Gillum from asking the jurors to put themselves in Gillum's position or urging the jury to reach a verdict on other impermissible grounds.  Again, the Court finds no reason to address this issue now.  The rules prohibiting parties from urging jurors to reach verdicts for improper reasons are well-established, and both parties have agreed to abide by those rules.

## II.     GILLUM'S MOTIONS IN LIMINE

### A.  Motion to Prohibit Safeway from "Presenting Witnesses It Failed to Disclose or Identify Until September 16, 2015"

Gillum argues that 26 of the witnesses Safeway has identified in its pretrial statement were not previously identified and, therefore, should not be allowed to testify.

With respect to Officer Brian Jordan, the Court finds that Gillum was put on sufficient notice that Jordan may be called as a witness.  In fact, it was Gillum who first identified Jordan.

However, the Court finds consideration of the remaining witnesses premature.  The parties will likely not include all of these witnesses in their revised witness lists, especially given the fact that this is a nine-day trial.

### B.  Motion to Prohibit Safeway from Presenting Documents Related to the EEOC Investigation

Gillum seeks to exclude evidence related to the EEOC investigation.

#### 1.  The EEOC No Cause Determination

In the Ninth Circuit, an agency's determination that insufficient facts exist to continue an investigation is not *per se* admissible.  *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999).  Rather, the Court must weigh the letter's prejudicial effect against its probative value. *Id.*

Here, the EEOC's determination is of little value. There are considerable questions regarding the adequacy of the EEOC's investigation and whether its decision was well-informed.  Gillum did not fully participate in this process, giving the EEOC an incomplete picture of the events.  While such a failing may have been Gillum's own fault, the relevant issue in this case is not whether Gillum adequately participated in the EEOC's investigation but whether Gillum experienced a hostile work environment.  Moreover, there is a substantial risk that the jury will

4

give undue weight to the EEOC's final determination.  *Beachy*, 191 F.3d at 1015 (final EEOC decision carries significant risk of prejudice).   Since the probative value of the EEOC's determination is substantially outweighed by its prejudicial effect, the Court rules that it is inadmissible under Federal Rule of Evidence 403.

   2.   Gillum's Statements to the EEOC

   Safeway seeks to use Gillum's statements to the EEOC as evidence that Gillum has presented "shifting theories of liability" throughout this process.   Since prior inconsistent statements are admissible to impeach a witness's credibility, these statements are admissible for that purpose.

### C.  Motion to Exclude Sexual Harassment Allegations

   The issues concerning the sexual harassment allegations made by Gillum's coworker do not make any matter in this case any more or less probable.  FED. R. EVID. 401.  Moreover, such evidence would be extremely prejudicial, confuse the issues, and extend an already lengthy trial. Therefore, Safeway may not present any evidence related to these allegations of sexual harassment.

### III.   SETTLEMENT DISCUSSIONS

   The parties shall contact Magistrate Judge Mary Alice Theiler no later than October 20, 2015 to arrange a settlement conference in November 2015.

### IV.   BIFURCATION

   As Gillum is seeking punitive damages, the Court finds it in the interests of justice and judicial economy to bifurcate the trial so as to postpone presentation of evidence relevant to punitive damages until after the jury considers the case-in-chief and, of course, only if the jury verdict requires the additional evidence.  *See, e.g., Karpenski v. Am. Gen. Life Companies, LLC,*

916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).  The parties shall revise the proposed verdict forms accordingly.

## V.      ADDITIONAL PROCEEDINGS

A second pre-trial conference will take place no later than December 18, 2015.  The parties shall meet and confer in order to present the Court with a list of mutually agreeable dates and times.  The conference shall be conducted telephonically.

Within seven days of that conference, the parties shall submit the following documents:

1.  A Joint Statement of the Case, i.e. one objective summary of the relevant facts and legal issues in the case, *or* joint notification that the parties cannot agree on a statement;

2.  A revised verdict form reflecting the bifurcation of the trial;

3.  A revised exhibit list, which shall reflect the parties' good faith efforts to create a set of pre-marked and pre-admitted exhibits; and

4.  A revised witness list, which will take into account the fact that this is a nine-day trial and that each side shall be given an equal amount of time to present its case.

**IT IS SO ORDERED.**

Dated: October 16, 2015

_Barbara J Rothstein_

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE